UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:21-cr-00013-GFVT-HAI |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT TAYLOR, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants Taylor and Barnett's third Motion to Dismiss the Indictment. [R. 267.] They believe dismissal is appropriate because their prosecution contradicts positions previously taken by the Government. *Id.* In the alternative, they ask to estop the Government from taking those "inconsistent positions." *Id.* They also ask the Court to take judicial notice of certain government records to establish the inconsistency. [R. 267 at 20-24.] Defendants Herrell, Misra, Grenkoski, and McFarlane filed motions to join the Motion to Dismiss and Reply in support. [R. 269; R. 280; R. 283; R. 405; R. 337; R. 338; R. 343.] The Motions for Leave to Join [R. 269; R. 280; R. 283; R. 405; R. 337; R. 338; R. 343] will be **GRANTED**, but the Motion [R. 267] will be **DENIED.**

I

The facts underlying this matter have been outlined in numerous prior orders. [*See, e.g.* R. 391; R. 392.] Eleven defendants are charged with a total of twenty-seven counts, including money laundering, health care and wire fraud, conspiracy to unlawfully distribute controlled substances, falsification of medical records, and various conspiracies. [R. 1.] These charges arise from allegedly unlawful practices at EHC Medical Offices. *Id.* at 6. Defendant Taylor founded EHC and all but two of his co-defendants were EHC employees. *Id.* at 6-7.

Now pending is Dr. Taylor and Ms. Barnett's third Motion to Dismiss the Indictment. [R. 267; *see* R. 256; R. 258.] They raise the defense of entrapment-by-estoppel, claiming that the Government's prosecution in this matter is inconsistent with positions it has taken in other actions and official guidance. [R. 267 at 9-19.] As a result, they ask to dismiss the Indictment or, "at a minimum," estop the Government from taking inconsistent positions. *Id.* at 1. They also ask the Court to take judicial notice of the government records establishing the allegedly inconsistent positions. The matter is fully briefed and ripe for review. [R. 267; R. 303; R. 323.]

II

A

The Motion primarily advocates for dismissal of the Indictment based on entrapment-by-estoppel. [R. 267 at 9-19.] The Movants also present a brief argument for dismissal based on general principles of due process and the Rule of Lenity. *Id.* at 19-20. The Court will address each argument seeking dismissal before resolving the other requested forms of relief.

1

The Movants raise the defense of entrapment-by estoppel and ask the Court to determine its applicability—and consequently, dismiss the Indictment—before trial. [R. 267 at 9-19.] Entrapment-by-estoppel is rooted in the Due Process Clause's "fundamental notions of fairness." *United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992). The defense protects against "an indefensible sort of entrapment by the State—convicting a citizen for exercising a privilege which the State had clearly told him was available to him." *Raley v. Ohio*, 360 U.S. 423, 426 (1959). Establishing the defense requires showing that (1) the Government announced the charged criminal act was legal; (2) the defendant relied on that announcement; (3) the reliance was reasonable; and (4) the prosecution would be unfair in light of that reliance. *Id.* If a movant

2

proves the defense, the court dismisses the indictment because the Government cannot establish the requisite criminal intent as a matter of law. *Id.* at 469.

Before analyzing whether the Movants established the defense, the Court must determine whether the defense is appropriate for pretrial resolution. Courts can resolve defenses by pretrial motion if they are "capable of determination without trial." Fed. R. Civ. P. 12(b)(1). This is the case when "trial of the facts" would not be helpful in "determining the validity of the defense." *Levin*, 973 F.2d at 469. Trial is typically unnecessary only when the defense is an issue of law rather than fact, though the Court can "make preliminary findings of fact necessary to decide the questions of law." *United States v. Jones*, 542 F.2d 661, 664–65 (6th Cir. 1976). In doing so, the Court cannot "invade the province of the ultimate finder of fact." *Id.*

The elements of entrapment-by-estoppel are fact-dependent inquiries that generally fall within the province of the jury and cannot be addressed before trial. *Levin*, 973 F.2d at 467-68. Even so, the defense can sometimes be resolved by pretrial motion. In *Levin*, the Sixth Circuit upheld the district court's dismissal of an indictment when the "undisputed extrinsic evidence" established the defense. *Id.* at 470. The defendants faced 560 criminal charges stemming from a specific marketing campaign for a medical device, which was approved by the Department of Health and Human Services and the Health Care Financing Administration. *Id.* at 464. Because the "operative facts" establishing the defense—namely, letters from the HCFA stating the campaign was sanctioned—were undisputed and established the defense, a trial on the substantive charge was unnecessary. *Id.* at 467.

The Movants argue that, like in *Levin*, the defense is "'apparent' from the undisputed operative facts" and can be determined without trial. [R. 267 at 11 (quoting *Levin*, 973 F.2d at 11).] They simplify Count 1 down to an allegation that "Dr. Taylor and others at EHC Medial

3

issued improper prescriptions because they 'often' prescribed 24-mg of Suboxone [buprenorphine] per day (above the purported 16-mg daily recommendation) and did so in combination with benzodiazepines." *Id.* Various publications, including some issued by the Substance Abuse and Mental Health Services Administration, approve of prescribing twenty-four milligram doses of buprenorphine (though this is on the high end) and prescribing benzodiazepines with buprenorphine (though this is noted to "[increase] risk of serious side effects"). *Id.* at 13-15. They argue they cannot be prosecuted for issuing prescriptions with these characteristics because they reasonably relied on the publications to establish EHC's treatment practices. *Id.* at 15-16.

The Government challenges the defense's applicability and the Movants' ability to establish it before trial. [R. 303 at 3-4.] It argues the Court would have to determine factual issues regarding (1) the nature and extent of the Defendants' conduct and (2) whether the federal government announced that such conduct was lawful before ruling on the defense. *Id.* at 5. It claims that both inquiries should be determined by the jury, so the issue is not appropriate for pretrial resolution. *Id.* at 6. Even if the Court could analyze the defense now, the Government argues the Movants cannot establish the defense because it never announced that their particular conduct was lawful. *Id.* at 8-13.

The first element of entrapment-by-estoppel is showing that the Government "announced that the charged criminal act was legal." *Levin*, 973 F.3d at 468. Therefore, application of the defense turns on precisely defining the "charged criminal act." Only then can the Court compare that act to Government announcements to determine whether it stated the act was lawful. Count 1 broadly alleges that the Defendants conspired to violate the CSA by issuing prescriptions

4

without a legitimate medical purpose and outside the usual course of professional conduct.[1] [R. 1 at 8.] The Movants frame this Count as alleging "that Dr. Taylor and his colleagues violated the CSA when they prescribed suboxone in 24 mg per day doses and in conjunction with benzodiazepines." [R. 267 at 1-2.] But as the Government argues, it is not alleging that the Movants *per se* violated the CSA by issuing prescriptions with these characteristics. [R. 303 at 9 n.6.] The full scope of the alleged conspiracy—the precise "charged criminal act"—is broader. *Id.* at 9-10. Other factors allegedly establishing unlawful conduct include unnecessary testing and recording examinations and consultations that did not occur. [*Id.*; R. 1 at 9-10.] This is unlike *Levin*, in which the "charged criminal act" was engaging in a very specific medical device marketing campaign. 973 F.3d at 465. The Government had indisputably announced that the specific campaign was lawful, so entrapment-by-estoppel applied *and* could be determined before trial. *Id.* In contrast, the "charged criminal act" is not so narrowly defined in this matter.

The Court must know the precise facts establishing the alleged conspiracy before it can compare those facts to government announcements to determine whether the defense is warranted. Perhaps the Court could consider entrapment-by-estoppel if the Government's proof at trial was limited to prescribing characteristics which had been approved by federal guidelines or publications. But at this point, there is no indication that the Government is prosecuting the Movants in contradiction to an announcement that the charged criminal act was lawful. Because the defense is not appropriate for pre-trial resolution, the Court will deny the Motion without prejudice to the extent it seeks dismissal based on entrapment-by-estoppel. *See United States v.*

---

[1] The Movants' entrapment-by-estoppel argument only directly applies to Count 1, alleging a conspiracy to violate the CSA, because it is the only charge involving prescribing practices. The other charges involve various forms of financial and health care fraud. The parties disagree over whether Counts 2-27 are necessarily predicated on Count 1. [*Compare* R. 267 at 11 n.4 *with* R. 303 at 20-21.] Because dismissal of Count 1 based on entrapment-by-estoppel is unwarranted at this time, it is unnecessary to determine whether the remaining twenty-six Counts would also be dismissed as a result.

5

*Dixson*, 2020 WL 2768842, at *4-5 (E.D. Mich. May 28, 2020) (denying without prejudice a Motion to Dismiss the Indictment based on entrapment-by-estoppel when there were issues a jury needed to resolve).

**2**

The Movants also argue that dismissal is appropriate under the "more generally applicable 'traditional notions of fairness' principle embodied in the Due Process Clause and the Rule of Lenity." They cite *United States v. Pennsylvania Indus. Chemical Corp.*, in which the Supreme Court found a corporate defendant should have been permitted to present evidence at trial showing that administrative guidance misled it to believe its conduct was not criminal. 411 U.S. 655, 670 (1973). This ruling is not implicated because the Court has not precluded the Movants from raising this defense at trial. As explained above, entrapment-by-estoppel *may* be appropriate at trial if it is implicated by the Government's case-in-chief.

The Movants do not elaborate on their claim under due process generally or the Rule of Lenity. Beyond explaining *PICCO* and making general statements about due process, they claim the Government is relying on "a host of non-criminal conduct" to establish that their prescriptions were criminal. [R. 267 at 20.] They conclude "if the parts are not criminal, the whole is not criminal, and fundamental principles of fairness require this prosecution to be terminated." *Id.* There is no legal support for this claim. The allegedly criminal conduct is an agreement to issue unlawful prescriptions, not just the sum of the evidence establishing that agreement. Such an agreement may be established by some conduct which is non-criminal on its own but nevertheless contributes to proof of a conspiracy. Further, the Movants mention the

6

Rule of Lenity but do not provide any specific argument on its application.[2] Dismissal is not warranted under due process generally or the Rule of Lenity.

B

The Movants ask the Court to "estop the Government from taking inconsistent positions" in the alternative to dismissal. [R. 267 at 1.] Within the Motion, it is unclear whether estoppel is being presented as an alternative request or merely as a predicate to dismissing the Indictment.[3] First, the Movants do not present a legal argument explaining the grounds for estopping the Government that is distinct from their argument for dismissal based on entrapment-by-estoppel. Their Motion only includes two argument sections, one addressing dismissal and the other judicial notice. *Id.* at 9-25. Second, the Movants conclude their Motion by asking the Court "to estop the government from taking positions different than in official publications and other sources and to judicially notice [certain] documents." *Id.* at 25. Comparing the conclusion to the preceding arguments (dismissal based on entrapment-by-estoppel and judicial notice) suggests that estoppel is not a distinct request from dismissal.

The Government noted this lack of clarity and assumed, for the purpose of its Response, that the Movants request the Court to limit the Government's proof and arguments at trial. [R. 303 at 14 n.11.] In reply, the Movants clarified that estoppel is a distinct request from dismissal. The section titled "the Government is taking inconsistent positions and should be estopped," is distinct from their argument regarding dismissal and asks the Court to estop the Government from taking specific inconsistent positions. [R. 323 at 4-5.] The Court will assume, like the

---

[2] The Court has rejected the Movants' prior argument that the Rule of Lenity warrants a limited construction of the CSA. [R. 391 at 3-4.]

[3] Dismissal and estoppel are intertwined because dismissing the Indictment based on entrapment-by-estoppel is predicated on finding that the Government effectively entrapped a defendant. As a consequence, the Government is estopped from pursuing that prosecution. *See Levin*, 973 F.2d at 469-70.

7

Government, that the Movants are asking to prevent it from presenting proof or making arguments at trial that are "inconsistent" with the following previously asserted positions:

> (1) in the related civil forfeiture action, that state standards, not federal guidance, establish prescribing standards;
>
> (2) in a related criminal action, that a defendant without board certification or comparable experience violated the CSA by filling prescriptions for buprenorphine in twenty-four milligram doses and in combination with benzodiazepines;
>
> (3) in other federal prosecutions, that the federal guidelines establish the prescribing standard, and;
>
> (4) in official publications, that buprenorphine is useful to address the opioid epidemic and "higher doses for longer periods are beneficial, not criminal."

[R. 267 at 3-9.]

The Movants provide no legal basis for "estopping" the Government. It appears they are invoking the doctrine of judicial estoppel, which prevents a party from asserting a position contrary to one asserted under oath in a prior proceeding that the prior court adopted. *See Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 575 (6th Cir. 2020). But the Movants do not develop or even mention this doctrine. The Movants failed to "state with particularity the grounds for the motion . . . and the legal argument necessary to support it." Eastern District of Kentucky Local Rule 7.1(a). Accordingly, the Motion will be denied to the extent it requests the Court to estop the Government from taking certain positions. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quotation omitted).

C

Finally, the Movants ask the Court to judicially notice certain publications. Federal Rule of Evidence 201 allows courts to take judicial notice of adjudicative facts. Judicial notice is appropriate if the fact "is not subject to a reasonable dispute" because it is generally known or can be accurately and readily determined from reliable sources. Fed. R. Evid. 201(b). "Adjudicative facts are simply the facts of the particular case." Fed. R. Evid. 201(a) advisory committee's notes on proposed rules. Legislative facts are the legal principles governing the case, which are generally not appropriate for judicial notice. *Id.*; *Toth v. Grand Trunk R.R.*, 303 F.3d 335, 349 (6th Cir. 2002).

The Movants argue that the Court should notice certain government records "to establish that . . . the government has taken positions that are inconsistent with the positions it is taking in this case." [R. 267 at 23.] The Government opposes notice, arguing the purpose of the Movants' request is improper. [R. 303 at 18-20.] It does not challenge the existence or accuracy of the publications but argues that notice is inappropriate because the significance of the documents is in dispute. *Id.* at 19-20.

The Court declines to take judicial notice of these documents. The Movants' request for judicial notice is similar to that in *United States v. Bonds*. 12 F.3d 540, 553 (6th Cir. 1993). The defendants asked the Sixth Circuit to take judicial notice of a government report criticizing the FBI's DNA analysis procedures. *Id.* at 552. There was no dispute as to the report's existence, so taking judicial notice had a "certain facial appeal." *Id.* at 553. But the Court declined to take judicial notice because there was "considerable dispute over the significance of its contents." *Id.* Similarly, the Sixth Circuit relied on *Bonds* when it upheld a district court's denial of a motion to judicially notice an expert witness's declarations in a prior, unrelated case. *Deal v. Hamilton*

*Cty. Bd. of Educ.*, 392 F.3d 840, 852-53 (6th Cir. 2004). There was no dispute over the existence of the declarations. *Id.* at 853. Yet the court declined to notice them because the movants "essentially were attempting to . . . notice [the expert's] lack of credibility, a fact that [was] very much in dispute." *Id.*

The Movants' explicit purpose for requesting judicial notice is to establish that the Government has taken inconsistent positions. [R. 267 at 24.] This is an element of their assertion of entrapment-by-estoppel that, as evidenced by the pleadings on the instant Motion, is very much in dispute. Whether the Government has taken inconsistent positions is "capable of reasonable dispute," so judicial notice of the documents is inappropriate for this purpose. Fed. R. Evid. 201(b). The Court will deny the Motion without prejudice to the extent it seeks judicial notice, allowing the Movants to renew the request for a proper purpose.

### III

The Court cannot determine whether this prosecution contradicts other positions taken by the Government until the precise contours of the allegedly unlawful conduct are established. The Movants may renew their request to dismiss the Indictment based on entrapment-by-estoppel at trial if appropriate. Further, judicial notice is improper because the Movants are prematurely seeking it to establish the alleged inconsistency. The Movants may also renew this request if they seek notice for a proper purpose. The alternative request for estoppel is denied with prejudice because it is not supported by any legal basis. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Motion **[R. 267]** is **DENIED WITHOUT PREJUDICE** to the extent it seeks dismissal of the Indictment based on entrapment-by-estoppel and judicial notice.

2. The Motion **[R. 267]** is **DENIED WITH PREJUDICE** to the extent it seeks to estop the Government from taking certain positions as an alternative to dismissal.

3. Defendants Grenkoski and Herrell's Motions to Join the Motion [R. 267] and Reply in Support [R. 323] **[R. 269; R. 337]** are **GRANTED**, but they are likewise afforded no relief.

4. Defendants Misra, Grenkoski, Herrell, and McFarlane's Motions to Join **[R. 280; R. 283; R. 338; R. 343; R. 405]** are **GRANTED** to the extent they seek leave to join the Motion [R. 267] or Reply in Support [R. 323], but they are likewise afforded no relief.

This the 18th day of October, 2022.

Gregory F. Van Tatenhove
United States District Judge