UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:21-cr-00013-GFVT-HAI |
| ) | |
| v. ) | |
| ) | |
| ROBERT TAYLOR, LORI BARNETT, ) | **MEMORANDUM OPINION** |
| EVANN HERRELL, EVA MISRA, and ) | **&** |
| MARK GRENKOSKI, ) | **ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is before the Court on Defendants Taylor and Barnett's Motion to Disclose the Grand Jury Presentment, Colloquy, and Testimony. [R. 277.] They seek disclosure of these materials because they believe several violations occurred before the grand jury that returned the Indictment against them. *Id.* Defendants Herrell, Misra, and Grenkoski move to join the Motion and Reply. [R. 275; R. 280; R. 283; R. 347; R. 350; R. 354.] The Motions to Join are **GRANTED**. However, the Motion for Disclosure is **DENIED** because the Movants do not identify a particularized need for the grand jury materials.

I

The grand jury returned the Indictment in this matter on March 4, 2021. [R. 1.] This was the culmination of a years-long investigation into EHC, a medical clinic in Tennessee. *See id.* at 6. The Government frames EHC as a "putative former substance abuse treatment clinic." [R. 311 at 2.] Dr. Taylor founded the clinic and employed all but two of his co-defendants. [R. 1. at 6-7.] The Indictment charges the defendants with twenty-seven counts, including conspiring to

issue unauthorized prescriptions for controlled substances, conspiring to falsify medical records, conspiring to commit health care and wire fraud, and laundering money. *Id.* at 7-32.

The parties have engaged in volumes of motion practice in preparation for trial. In the instant motion, the Movants seek disclosure of the "grand jury presentation of the Indictment, the colloquy, and all of the testimony presented to the grand jury during this investigation." [R. 277 at 1.] They suspect that various errors occurred before the grand jury and argue these errors establish a particularized need for the grand jury materials. *Id.* at 3. They presented many of these arguments in other suppression and dismissal motions, so the Court's rulings on those motions are influential. The Government objects to disclosure. [R. 311.] It argues that the Movants "fall well short of establishing a 'particularized need'" for the grand jury materials. *Id.* at 1.

## II

For decades, the Supreme Court has recognized that grand jury proceedings are subject to "indispensable secrecy." *United States v. Johnson*, 319 U.S. 503, 513 (1943). The Federal Rules of Criminal Procedure incorporate this recognition by establishing a presumption that grand jury proceedings remain secret. Fed. R. Crim. P. 6(e)(2). Nevertheless, exceptions exist. A defendant may obtain grand jury proceedings if they show that something that occurred during the proceeding provides grounds to dismiss the indictment. Fed. R. Crim. P. 6(e)(3)(E)(ii). The Movant must identify, with particularity, a "compelling necessity" that outweighs "the countervailing policy" of secrecy. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). The party seeking disclosure bears the burden of showing the balance weighs in their favor. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 221 (1979). The Movants

2

present six grounds they believe establish a particularized need for disclosure of the grand jury proceedings. [R. 277 at 3.]

A

First, the Movants suspect that the Government improperly instructed the grand jury on the standard for prescribing buprenorphine and benzodiazepines. [R. 277 at 4-7.] The Movants believe that their prosecution is inconsistent with positions the government has taken in publications and other proceedings. *Id.* They elaborated on this position in a Motion to Dismiss the Indictment based on the inconsistency, which the Court denied. [R. 267.] Specifically, they claim that the Government argued in a related civil forfeiture proceeding that state regulations govern prescribing practices. [R. 277 at 5-6.] However, it argues that federal guidelines control in a related criminal prosecution. *Id.* The Movants seek disclosure of the Government's presentation of the elements to the grand jury because "the government has not been consistent with what it regards as the applicable standards." *Id.* at 7. The Government argues that there is no basis to believe it gave improper instructions and that incorrect instructions do not warrant disclosure of grand jury proceedings. [R. 311 at 5.]

The Movants' speculation that the Government gave the grand jury an incorrect prescribing standard does not establish a particularized need for the grand jury materials. It is unlikely that the Government improperly instructed the grand jury. The Movants simplify Count One down to merely prescribing buprenorphine in twenty-four milligram doses and in combination with benzodiazepines. [R. 277 at 7.] By prior Order, the Court explained that this framing of Count One is inaccurate. [R. 464 at 5 ("But as the Government argues, it is not alleging that the Movants *per se* violated the [Controlled Substances Act] by issuing prescriptions with these characteristics. The full scope of the alleged conspiracy—the precise

3

'charged criminal act'—is broader." (citation omitted)).] The Government's allegation is not limited to those two characteristics. Its "proof against the Defendants is much more extensive." [R. 303 at 5 n.3.]

As a result, the premise of the Movants' position—that the Government "likely erroneously instructed the grand jury about the proper standard"—is unfounded. [R. 277 at 4.] The Movants suspect, but do not establish, that the Government merely presented these two characteristics and the state prescribing standards to establish probable cause that the Defendants conspired to issue unauthorized prescriptions. Rather, it appears the state guidance may have been one of many pieces of evidence the grand jury reviewed because the Government's proof is "extensive." [R. 303 at 5 n.3.] "The mere suspicion that the grand jury may not have been properly instructed . . . is insufficient to establish that [the Movants are] entitled either to dismissal of the indictment or to disclosure of grand jury materials." *United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C. 1998) (citing *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir. 1986)); *see also United States v. Fife*, 573 .2d 369, 372 (6th Cir. 1976); *United States v. Nasr*, 2020 WL 62041, at *1 (E.D. Ky. Jan. 6, 2020).

Even if the Movants could show that the jury was improperly instructed, the Sixth Circuit suggested disclosure is not warranted if the indictment is otherwise facially valid. *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981). The Indictment in this matter survived five Motions to Dismiss. [R. 391; R. 455 (denying R. 258 and R. 362); R. 464; R. 473.] The Court's ruling on one found that the Indictment is facially sufficient to inform the Defendants of the CSA charge.[1] [R. 391 at 11; *see also* R. 473.] The Movants do not challenge the Indictment's facial

---

[1] The Movants also argue that the Supreme Court's recent decision in *Ruan* bolsters their claim that the Government improperly instructed the grand jury. [R. 349 at 5.] In *Ruan*, the Supreme Court held that the CSA's "knowing and intentionally" requirement applies to a prescription's lack of authorization in addition to the act of distribution. *Ruan v. United States*, 142 S. Ct. 2370, 2382 (2022). The Movants argue that this change in law means the

4

sufficiency on any other grounds, even after the Government raised *Battista* in its Response. [*See* R. 349.] Absent any grounds to believe the Indictment is facially invalid, it is "sufficient to require a trial." *Battista*, 646 F.2d at 242. Accordingly, the Movants do not identify a particularized need and are not entitled to disclosure under Rule 6(e)(3)(E)(ii). Also for this reason, *in camera* review is not warranted. *See United States v. Graham*, 247 F. Supp. 2d 923, 923-26 (S.D. Ohio 2002) (finding that "*in camera* review [to determine whether the grand jury was properly instructed] would not serve any purpose" when the indictment was valid on its face).

## B

Second, the Movants request the grand jury materials because they believe case agents and prosecutors have seen privileged materials and "it is highly likely that this information was presented to the grand jury." [R. 277 at 10.] This argument also formed the basis of one of Dr. Taylor and Ms. Barnett's Motions to Dismiss the Indictment. [R. 258.] The Court denied that Motion because the Movants did not identify any specific privilege violation or resulting prejudice. [R. 455 at 9.] The Government argues that this ground for disclosure of the grand jury materials fails for similar reasons. [R. 311 at 9.] It claims the Movants merely speculate that the Government presented privileged materials to the grand jury "without any firm or specific basis for their claims." *Id.* Even if the Movants did make a specific showing, the Government argues disclosure is not warranted because the Indictment would not be dismissed if privileged information was presented to the grand jury. *Id.* at 9-10.

---

Government "undoubtedly . . . instructed the grand jury on law which has since been overturned." [R. 349 at 5.] The Court found that the Indictment is sufficient even though the *mens rea* requirement has evolved since it was issued. [R. 391 at 11-13.] Because the Indictment is facially valid post-*Ruan*, it is "sufficient to require a trial of the indictment on its merits" "even if an incorrect instruction was given to the grand jury." *Battista*, 646 F.2d at 242.

5

The Movants fail to show their suspicion of privilege violations establishes a "particularized need" for the grand jury materials. They themselves limit their allegation to a "high[] likel[ihood]" that the Government presented privileged materials to the grand jury. [R. 277 at 10.] By prior Order, the Court rejected the Movants' claim that privilege violations likely occurred. [R. 455 at 6-10.] The Court found the filter procedure was sufficiently protective and that the Movants did not establish that prosecutors and case agents saw privileged materials. *Id.*; *id.* at 10-13. Similarly here, the Movants do not show any actual privilege violation or exposure to privileged materials. Their claim that it is "highly likely" the grand jury saw privileged information has no factual basis, so it is speculative at best. [R. 277 at 10.] Mere speculation does not establish a particularized need. *See, e.g.*, *Trie*, 23 F. Supp. 2d at 62.

Even if the Movants showed that the grand jury received privileged materials, they would not be entitled to the grand jury materials because there would be no grounds to dismiss the Indictment. Fed. R. Crim. P. 6(e)(3)(E)(ii). The Movants do not provide, and the Court is unaware of, any case holding that presentation of privileged materials to a grand jury warranted dismissal of the indictment. [R. 277 at 7-10; R. 349 at 2-4.] When the Government obtains evidence in violation of a defendant's constitutional rights, the exclusionary rule prohibits use of that evidence at trial. *United States v. Blue*, 384 U.S. 251, 255 (1966). However, "the remedy does not extend to barring the prosecution altogether." *Id.* While *Blue* arose in the context of statements obtained in violation of *Miranda*, several courts have applied it to privileged materials, finding that violating the privilege before a grand jury does not warrant dismissing the indictment. *See, e.g.*, *United States v. Kingston*, 971 F.2d 481, 491-92 (10th Cir. 1992) (requiring a showing of prejudice); *United States v. Bein*, 728 F.2d 107, 113 (2d Cir. 1984), *cert. denied sub nom. DeAngelis v. United States*, 469 U.S. 837 (1984).

Ultimately, the attorney-client privilege is an "evidentiary and procedural restriction applicable to a criminal trial" that is not implicated before the grand jury because the grand jury "does not finally adjudicate guilt or innocence." *United States v. Calandra*, 414 U.S. 338, 349 (1974). True, widespread or serious misconduct before the grand jury can sometimes warrant dismissal of the Indictment. [R. 349 at 2]; *United States v. Rice*, 90 Fed. App'x 921, 926 (6th Cir. 2004). But there is no evidence of any specific instance of a privilege violation, let alone widespread or serious misconduct. Because the suspected privilege violations would not provide grounds to dismiss the indictment, they are not entitled to receive the grand jury materials. Fed. R. Crim. P. 6(e)(3)(E)(ii).

In Reply, the Movants invoke the Supreme Court's advisement that their burden to show a need for grand jury materials lessens when the "considerations justifying secrecy become less relevant." [R. 349 at 3 (citing *Douglas Oil*, 441 U.S. at 223).] They suggest that because the grand jury which returned the Indictment against them is no longer meeting, factors like preventing interference and encouraging witnesses to testify are no longer relevant. *Id.* at 2-3. But the movant must identify a need for the materials outweighing the need for secrecy "even when the grand jury whose transcripts are sought has concluded its operations." *Douglas Oil*, 441 U.S. at 222. The Movants' vague suspicion that a privilege violation occurred and resulted in the Government presenting privileged materials to the grand jury falls short because it is so speculative.

**C**

Next, the Movants present a three-sentence argument that they are entitled to the grand jury proceedings because the Government "most likely" presented Ms. Barnett's statements, which were later suppressed, to the grand jury. [R. 277 at 10.] Like its argument based on

7

privileged materials, the Government argues the claim is too speculative and even if the suppressed statements were used, dismissal would not be warranted. [R. 311 at 8-11.]

The Supreme Court has squarely held that an otherwise valid indictment may not be dismissed because "the grand jury acted on the basis of . . . information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination." *Calandra*, 414 U.S. at 345 (citing *Lawn v. United States*, 335 U.S. 339 (1958)). The Movants do not argue that the Indictment is facially invalid. [*See* R. 277.] Accordingly, the Movants would not find grounds to dismiss the Indictment if they reviewed the grand jury materials and discovered that the Government presented suppressed statements. The Court's suppression of Ms. Barnett's statements is not a particularized need entitling the Movants to the grand jury proceedings. Fed. R. Crim. P. 6(e)(3)(E)(ii).

### D

Next, the Movants invoke their argument raised in a Motion to Suppress that investigators improperly seized Ms. Barnett's phone and laptop and data thereon. [R. 277 at 10-11.] They state it is "highly likely that this evidence was presented to the grand jury. Accordingly, Defendants need the grand jury presentment." *Id.* at 11. The Court denied the Motion to Suppress this evidence, finding officers lawfully seized the phone and laptop pursuant to a valid warrant. [R. 501.] The Government lawfully obtained this evidence, so the possibility that the Government presented it to the grand jury does not establish grounds for disclosure.

### E

The Movants also claim that they are entitled to review the grand jury proceedings because they are necessary to prepare for trial. [R. 277 at 11-12.] As an initial matter, they specifically invoke Fed. R. Crim. P. 6(e)(3)(E)(i), which allows disclosure of grand jury

8

proceedings "preliminarily to or in connection with a judicial proceeding."  This provision is distinct from Rule 6(e)(3)(E)(ii), which allows disclosure when a defendant shows they will find grounds to dismiss the indictment.  The Movants only cite Justice Brennan's dissent in *Pittsburgh Plate Glass Co*. in support.  *Id.*

Though courts are split, the "prevailing view . . . is that [Rule 6(e)(3)(E)(i)] only applies to cases other than the defendant's current criminal case."  1 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 109 (5th Ed. 2022). Otherwise, Rule 6(e)(3)(E)(ii)'s limitation to "where a ground may exist to dismiss the indictment [would be rendered] superfluous."  *Id.*; *see also United States v. Wahib*, 578 F. Supp. 3d 951, 955-56 (N.D. Ohio 2022) ("Though unartfully drafted, this exception applies where the judicial proceeding for which disclosure is sought differs from the criminal trial that the grand jury's indictment authorizes.").  The Movants cannot invoke Rule 6(e)(3)(E)(i) because they seek materials from the grand jury proceeding within the current criminal case.  Therefore, they must satisfy Rule 6(e)(3)(E)(ii) by identifying grounds to dismiss the Indictment constituting a particularized need.

The Government contends trial preparation is not a particularized need.  [R. 311 at 11-13.]  The Court agrees.  Every criminal defendant needs to prepare for trial, so the Movants' position would require disclosure of grand jury proceedings in every case.  Universal disclosure would be absurd given the "long established policy" of grand jury secrecy.  *Procter & Gamble*, 356 U.S. at 681.  In fact, the Supreme Court created the "particularized need" standard on an appeal of, and overruling, a district court's disclosure of grand jury materials for the purpose of trial preparation.  *Id*. at 678-84.  Several courts have affirmed that trial preparation does not warrant grand jury disclosure.  *See, e.g.*, *United States v. Ferguson*, 844 F.Supp.2d 810, 829 (E.D. Mich. 2012) ("The defendants' general statements that they need the grand jury testimony

9

to prepare for trial and for possible impeachment of the witnesses are insufficient to demonstrate a particularized need for disclosure of grand jury testimony.")  This Court agrees and will not order disclosure of grand jury materials because they would be helpful to the Movants' trial preparation.

F

Finally, the Movants argue that they are entitled to review the grand jury proceedings because they may contain *Brady* and *Giglio* evidence.  [R. 277 at 12-13.]  They believe Agents Sullivan and Centers likely testified before the grand jury, so the materials will "provide evidence going to the impeachment of key government witnesses and an attack upon the investigation conducted by the Government."  *Id.* at 13.  The Government recognizes that it is obligated to provide evidence required under *Brady*, *Giglio*, and the Jencks Act, and assures it will do so in due course.  [R. 311 at 13.]  But it argues those requirements do not warrant disclosure of any more grand jury materials than it is already required to produce.  *Id.*

The Movants do not cite any support for this basis for disclosure.  [*See* R. 277 at 12-13.]  In its Scheduling Order, the Court placed the Government under an ongoing obligation to disclose *Brady* material.  [R. 172-1 at 5.]  Given this existing obligation, there is no need to impose a duplicitous order.  *See United States v. Short*, 671 F.2d 178, 187 (6th Cir. 1982) ("If the assertion that disclosure would reveal exculpatory evidence is true, the rights of the defendants with respect to this material are protected by the Jencks Act and the requirements of *Brady v. Maryland*.").  The Court denies the Movants' request for disclosure of grand jury materials that the Government must otherwise disclose pursuant to *Brady* and as expanded in *Giglio*.

### G

The Court also denies the Movants' request for *in camera* review of the grand jury materials. They do not identify anything they could discover in the grand jury materials that may support a Motion to Dismiss the Indictment. Fed. R. Crim. P. 6(e)(3)(E)(ii). Presentation of suppressed or privileged materials or providing an improper instruction do not warrant dismissing an otherwise valid Indictment. *Battista*, 646 F.2d 237. Further, the lawful seizure of Ms. Barnett's phone and laptop and trial preparation do not warrant disclosure. The Government is subject to an ongoing obligation to disclose *Brady* material, which includes material found in the grand jury proceedings. *Short*, 671 F.2d at 187. Therefore, "*in camera* review . . . would serve no useful purpose." *Graham*, 247 F. Supp. 2d. at 925. The Court denies the request.

### III

The Movants did not carry the "difficult burden" of overcoming the presumption of regularity which attaches to grand jury proceedings. *Battista*, 646 F.2d at 242. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants Taylor and Barnett's Motion for Disclosure **[R. 277]** is **DENIED**;

2. Defendants Herrell, Misra, and Grenkoski's Motions to Join the Motion for Disclosure and Reply in Support **[R. 275; R. 347; R. 350]** are **GRANTED** but they are likewise afforded no relief; and,

3. Defendants Herrell, Misra, and Grenkoski's Motions to Join **[R. 280; R. 283; R. 354]** are **GRANTED** to the extent they seek leave to join the Motion for Disclosure or Reply in Support but they are likewise afforded no relief.

This the 9th day of December, 2022.

Gregory F. Van Tatenhove
United States District Judge